SUKI SU'A, Appellant

v.

STAR-KIST SAMOA, Inc., Appellee

High Court of American Samoa
Appellate Division

AP No. 17-87

February 11, 1988

Before KING*, Acting Associate Justice, O'SCANNLAIN**, Acting Associate Justice, LUALEMAGA, Associate Judge, and OLO, Associate Judge.

Counsel: For Appellant, Charles Ala'ilima
For Appellee, John Ward

PER CURIAM:

Plaintiff alleged that his employment was terminated because of his participation in unsuccessful efforts to organize a union. Defendant moved to dismiss on the ground that the complaint falls within the exclusive jurisdiction of the National Labor Relations Board (NLRB). The trial judge granted the motion to dismiss. This appeal followed. We adopt the trial judge's reasoning and repeat most of his excellent opinion.

The NLRB has asserted its jurisdiction over employers in American Samoa who otherwise meet its jurisdictional standards. Van Camp Sea Food Co., 212 N.L.R.B. 76 (1974).

Earlier, the NLRB had held that it had no jurisdiction in Samoa. See, e.g., Star-Kist Samoa, 68 L.L.R.M. 1532 (1968). However, their 1974 change of position here remained unchallenged until now. If a complaint charges an unfair labor practice over which the NLRB has jurisdiction and if the NLRB has not declined to exercise its jurisdiction, the dispute resolution process set forth in the National Labor Relations Act and its amendments pre-empts the jurisdiction of state and federal courts. San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959); see 29 U.S.C. 8 164(c). The NLRB clearly has jurisdiction over complaints that an employee has been discharged for attempting to organize a union. 29 U.S.C. §§ 157, 158(a)(1). The decision by the NLRB to exercise

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Diarmuid F. O'Scannlain, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

its jurisdiction over tuna canneries and other employers in American Samoa who have the requisite impact on interstate or foreign commerce precludes the High Court from exercising jurisdiction.

Plaintiff urges, however, that the distance between American Samoa and the NLRB regional office in San Francisco, and the consequent expense and inconvenience for employees who wish to bring complaints before the NLRB, bring this action within an exception to the rule of NLRB pre-emption. In Garmon the Supreme Court noted that in certain cases "the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act." 359 U.S. at 244. These cases, however, involved efforts by the states to regulate conduct (usually violence) which was regarded as objectionable on some other ground than that it constituted an unfair labor practice. See 359 U.S. at 244 n.2 and authorities cited therein; id. at 247. In this case, on the other hand, plaintiff asks the court to enforce the precise policy entrusted to the NLRB.

The Supreme Court has since made it clear that the "local feeling and responsibility" exception in Garmon did not give local courts the authority to define and punish unfair labor practices. Indeed, courts cannot decide cases involving conduct even arguably prohibited by the federal labor relations laws unless the labor relations aspect of the case is merely incidental. See Farmer v. United Brotherhood of Carpenters, 430 U.S. 290, 304-05 (1977):

> If the charges in [the plaintiff's] complaint were filed with the Board, the focus of any unfair labor practice proceeding would be on whether the statements or conduct on the part of union officials discriminated or threatened discrimination against him . . . . Conversely, the state court tort action [for intentional infliction of emotional distress] can be adjudicated without resolution of the "merits" of the underlying labor dispute. . . . At the same time, we reiterate that concurrent state court jurisdiction cannot be permitted when there is a realistic threat of interference with the federal regulatory

scheme. . . . Simply stated, it is essential that the state tort be either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.

Although the Court's statement in _Farmer_ was not technically necessary to its holding, it is a statement too strong and clear to ignore. We recognize the logistical and financial difficulties that the assertion of jurisdiction over American Samoa must occasion for this plaintiff and others. If the NLRB were sitting in Pago Pago rather than in San Francisco, however, nobody would even think about bringing a complaint like this one in the High Court. Employment discrimination on account of union activity is perhaps the single most obvious example of conduct committed to the regulatory authority of the NLRB. We are therefore precluded from sitting in judgment of such conduct.

The judgment of the Trial Division is AFFIRMED.